# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR                          )
ENVIRONMENTAL RESPONSIBILITY,                 )
962 Wayne Ave, Suite 610                      )
Silver Spring, MD 20910                       )          Civil Action No.  16-cv-1631
                                              )
    Plaintiff,                            )
                                              )          **COMPLAINT**
    v.                                    )
                                              )
NATIONAL OCEANIC AND ATMOSPHERIC              )
ADMINISTRATION                                )
1315 East-West Highway                        )
Silver Spring, MD 20910                       )
                                              )
    Defendant.                            )
_____     )

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the National Oceanic and Atmospheric Administration ("NOAA") to disclose records wrongfully withheld in failing to produce documents or assure production within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On April 29, 2016, Plaintiff sent a FOIA request seeking records related to efforts by NOAA's Office of Science and Technology of the National Marine Fisheries Service ("NMFS-OST") to replace Fisheries Observers - who are tasked with overseeing fishing fleet compliance with catch limits, by-catch rules, and other marine regulation - with video-camera electronic monitoring on fishing vessels.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i); 15 C.F.R § 4.6(b).   Agencies may extend this time period only in "unusual circumstances" but only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i); 15 C.F.R § 903.1 (providing that the rules and procedures regarding access to NOAA records shall be those found at 14 C.F.R. Part 4); 15 C.F.R. § 4.6(d).

6. To date, Defendant has failed to produce any records in response to Plaintiff's April 29, 2016 FOIA request, No. DOC-NOAA-2016-001080.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. NOAA is frustrating Plaintiff's efforts to educate the public about NMFS-OST's efforts to replace human Fisheries Observers with electronic monitoring systems and whether such systems are effective.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

**JURISDICTION AND VENUE**

9.   This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also

has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq*.

11.  This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA

cases in the District of Columbia).

12.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C.

§ 552(a)(4)(E).

**PARTIES**

13.  Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington,

D.C. and headquartered in Silver Spring, Maryland, with field offices in California,

Colorado, Florida, Massachusetts, and Tennessee.

14.  Among other public interest projects, PEER engages in advocacy, research, education, and

litigation relating to the promotion of public understanding and debate concerning key

current public policy issues.  PEER focuses on the environment, including the regulation

and remediation of toxic substances, public lands and natural resource management, public

funding of environmental and natural resource agencies, and ethics in government.  PEER

educates and informs the public through news releases to the media, through its web site,

www.peer.org, and through publication of the PEER newsletter.

15.  Defendant, NOAA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16.  Defendant is charged with the duty to provide public access to records in its possession

consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access

to its records in contravention of federal law.

## STATEMENT OF FACTS

17. On April 29, 2016, PEER electronically submitted a FOIA request for information

concerning NOAA's consideration of the possibility of replacing Fisheries Observers with

video-camera electronic monitoring.  Specifically, PEER requested, for the time period

between April 1, 2014 and the present:

   a. *All studies or analyses comparing the costs of electronic monitoring versus human fisheries observers conducted or obtained by NMFS;*

   b. *All studies or analyses comparing the effectiveness or quality of electronic monitoring versus human fisheries observers conducted or obtained by NMFS;*

   c. *Any directives that NMFS has issued concerning use of electronic monitoring rather than or in conjunction with human observers;*

   d. *Any material describing how and by whom the electronic monitoring would be reviewed by human monitors to interpret what was captured on camera;*

   e. *Records indicating how electronic monitoring data will be aggregated, summarized and made publicly accessible;*

   f. *Documents reflecting the safeguards that will be required to police against manipulating or disabling cameras; and*

   g. *All communications between representatives of the fishing industry and NMFS concerning electronic monitoring.*

18. PEER had made two similar requests in the past, in June 2013 and April 2014; both of which

resulted in production of requested documents in full.

19. PEER received a confirmation of submission from FOIAonline with a tracking number:

DOC–OS-2016-001080.  On May 2, 2016, PEER received notification that its FOIA request

was transferred to NOAA with a new tracking number of DOC-NOAA-2016-001080.

20. On May 12, 2016, in response to PEER's request for a full waiver of fees, NOAA's FOIA
    Officer emailed PEER requesting information justifying PEER's "qualifications to distribute
    the records to a reasonably broad segment of interested individuals" and how the requested
    records "would significantly increase their understanding of the subject."

21. NOAA's FOIA office did not request additional information justifying PEER's fee waiver
    request when PEER submitted similar statements of qualifications for its 2013 and 2014
    requests.  Nor has PEER ever, in its more than 23 year history, ever been denied a fee waiver
    on the basis that it was unable or unqualified to distribute the requested information to the
    general public.

22. PEER responded to the NOAA FOIA Officer the very next day, May 13, 2016 explaining
    how more than 550 journalists and reporters subscribe to receive news from PEER and
    providing a link to PEER's website showing 15 news articles generated in less than one
    week.  PEER also explained that the requested records would help the public understand
    whether cost-effective electronic surveillance systems that meet both regulatory and
    scientific demands are anywhere near deployment, and understand how their tax dollars have
    been – and will likely in the future be – spent to automate observer functions.

23. On June 15, 2016, NOAA granted a fee waiver for PEER's FOIA request, claimed unusual
    circumstances under 15 C.F.R. 4.6(d)(2), invoked the maximum ten day extension, and stated
    that it "anticipate[d] completing [PEER's] request by July 16, 2016."  The FOIA Officer did
    not request further information, and has not communicated with PEER since.  The July 16
    date came and went without the production of a single responsive document.

24. On July 20, 2016 – after the statutory period for production had expired – NOAA's NMFS
    Office of Science and Technology transmitted via email a request for clarification on one of

the seven items from Plaintiff's FOIA request, along with the statement, "Your request will not be processed until we hear from you." The letter gives no explanation as to why the other six items listed of Plaintiff's FOIA request – which required no clarification – were not scheduled for production. Additionally, the same item about which Defendant claimed a need for clarification was contained in both of PEER's prior FOIA requests on the topic, which Defendant previously fulfilled without requesting clarification.

25. Nonetheless, Plaintiff provided the requested clarification on the sole item the very next day on July 21, 2016.

26. NOAA never requested any further clarification on any item of Plaintiff's request or further contacted Plaintiff.

27. As of the date of this filing, 85 working days have passed since Plaintiff's April 29, 2016 request, exceeding the time allowed by 5 U.S.C. § 552(a)(6) and 15 C.F.R § 4.6(b).

28. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its April 29, 2016 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

29. Plaintiff incorporates the allegations in the preceding paragraphs.

30. Defendant's failure to disclose the records requested under Request No. DOC-NOAA-2016-001080 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the relevant agency regulations promulgated thereunder, 15 C.F.R. § 4.1 *et. seq*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.    Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.    Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully

withheld records;

iii.    Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the

Administrative Procedure Act, and every order of this Court;

iv.    Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.    Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 11, 2016,

       __/s/ Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*